IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAWANDA L. ELLIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:14-CV-102 (CAR) |
| CB&T BANK OF MIDDLE : | |
| GEORGIA, : | |
| : | |
| Defendant. : | |
| _____ : | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Tawanda L. Ellis, proceeding *pro se*, brings this employment discrimination action against her former employer, Defendant CB&T Bank of Middle Georgia, contending Defendant failed to promote and constructively discharged her based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981.  Currently before the Court is Defendant's Motion for Summary Judgment [Doc. 19] on Plaintiff's claims for monetary relief.  Having carefully considered the Motion, the response thereto, and the applicable law, Defendant's Motion [Doc. 19] is **GRANTED**.

### LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."[1]  A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[2]  Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[3]  When ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion.[4]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[5]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[6]  This evidence must consist of more than mere conclusory allegations or legal conclusions.[7]

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[3] *See id.* at 249-52.
[4] *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).
[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

As a *pro se* litigant, Plaintiff is held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Nevertheless, Plaintiff's *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and substantive law," including those applicable on summary judgment.[9]

## BACKGROUND

The facts construed in the light most favorable to Plaintiff, the nonmovant, are as follows:

On June 14, 2007, Plaintiff, an African American female, began working for Defendant as a teller.[10] During the four years she worked for Defendant, Plaintiff unsuccessfully applied for several managerial positions, but was consistently passed over for less qualified Caucasian employees.[11] Moreover, despite diligently fulfilling her job responsibilities and taking on additional duties, Plaintiff believes she was treated differently from her Caucasian counterparts with respect to training opportunities, discipline, assignments, and pay.[12] On August 16, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging Defendant discriminated against her based on her race.[13] Then, on

---

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[9] *Hillemann v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1358-59 (M.D. Fla. 2004), *aff'd* 167 F. App'x 747 (11th Cir. 2006) (internal quotation omitted).
[10] Compl. ¶¶ 12-13 [Doc. 1].
[11] *Id.* at ¶ 20.
[12] *Id.* at ¶¶ 13-16.
[13] Charge of Discrimination [Doc. 21-4].

3

March 9, 2011, Plaintiff resigned from her employment with Defendant.[14]

On September 28, 2012, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Georgia.[15]  "Schedule B" of the petition instructed Plaintiff to list all of her personal property under certain enumerated categories.[16]  One category required disclosure of "[o]ther contingent and unliquidated claims of every nature," to which Plaintiff responded by stating "Debtor has a claim against a person for property damage to her vehicle."[17]  Plaintiff did not disclose her pending EEOC claim on Schedule B of her bankruptcy petition.[18]  Plaintiff then submitted her bankruptcy petition under penalty of perjury.[19]  On January 2, 2013, Plaintiff was discharged from bankruptcy.[20]

The EEOC investigation was terminated at Plaintiff's request, and, on December 18, 2013, the EEOC issued its Notice of Right to Sue Letter to Plaintiff.[21]  Thereafter, on March 14, 2014, Plaintiff filed this suit, alleging that Defendant discriminated against her by failing to promote her, in violation of Title VII, and constructively discharging her from employment, in violation of Title VII and 42 U.S.C. § 1981.  As relief, Plaintiff seeks monetary, declaratory, and injunctive relief.

---

[14] Compl. ¶ 28 [Doc. 1]; Letter from Pl. [Doc. 21-5].
[15] Voluntary Pet. [Doc. 21-1].
[16] See Schedule B [Doc. 21-2].
[17] Id.
[18] See Schedule B [Doc. 21-2].
[19] Decl. Concerning Debtor's Schedules [Doc. 21-3].
[20] Discharge of Debtor [Doc. 21-6].
[21] Notice of Right to Sue [Doc. 21-7].

Before discovery ended, Defendant filed the instant Motion for Summary Judgment on the grounds that judicial estoppel bars Plaintiff's claims for monetary damages. On November 14, 2014, the Court stayed discovery to allow ample time for the parties to brief the issues raised in the Motion. The Motion is now ripe for the Court's review.

## DISCUSSION

In support of its Motion, Defendant argues judicial estoppel bars Plaintiff from pursuing her claims for monetary relief because she failed to disclose her employment discrimination claims in her bankruptcy proceeding. Plaintiff did not respond to this argument.[22]

"Judicial estoppel is an equitable doctrine that precludes a party from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'"[23] The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment."[24] In the Eleventh Circuit, a court may invoke judicial estoppel when two factors are met: "First, it must be shown that the allegedly

---

[22] Although Plaintiff filed documents in response to the Motion for Summary Judgment, these documents do not contain any argument or authority. *See* [Doc. 23]. Instead, the "response" consists of her answers to Defendant's interrogatory requests, her own interrogatory requests, the Notice of Right to Sue Letter from the EEOC, and her Charge of Discrimination.
[23] *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002)).
[24] *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotation and citation omitted).

5

inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."[25] These factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine."[26]

The first judicial estoppel factor is clearly satisfied. "[F]ailure to disclose a claim in bankruptcy constitutes an inconsistent position taken under oath if the debtor later pursues that claim."[27] As the Eleventh Circuit has explained, "[a] debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court."[28] Moreover, in an unreported opinion, the Eleventh Circuit stated that a pending EEOC charge must be disclosed to the bankruptcy court.[29] In so holding, the court reasoned

> Even though Plaintiff did not file a lawsuit before or during the pendency of his bankruptcy petition, the pending EEOC charges constitute "administrative proceedings" and "[o]ther contingent and unliquidated claims" that Plaintiff was required to disclose . . . . The "property of bankruptcy estate includes all potential causes of action existing at [the] time petitioner files for bankruptcy."[30]

---

[25] *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (quoting *Burnes*, 291 F.3d at 1285).
[26] *Burnes*, 291 F.3d at 1286.
[27] *D'Antignac v. Deere & Co.*, -- F. App'x -- , No. 14-10048, 2015 WL 1321570, at *2 (11th Cir. Mar. 25, 2015).
[28] *Robinson*, 595 F.3d at 1274 (citing 11 U.S.C. §§ 521(1), 541(a)(7)). This duty applies in both Chapter 7 and Chapter 13 bankruptcy proceedings because any distinction in the type of bankruptcy does not affect the applicability of judicial estoppel in cases of nondisclosure. *Id.*
[29] *Casanova v. Pre Solutions, Inc.*, 228 F. App'x 837, 841 (11th Cir. 2007).
[30] *Id.* (emphasis and alteration in original) (quoting *Barger*, 348 F.3d at 1292).

District courts in this Circuit agree that EEOC charges must be disclosed on bankruptcy petitions and failure to do so amounts to the taking of inconsistent positions under oath if the debtor later pursues those claims in court.[31] The Court finds the reasoning of these cases persuasive.

Here, it is undisputed that Plaintiff failed to disclose her pending EEOC charge to the Bankruptcy Court. On "Schedule B- Personal Property" of the petition soliciting information regarding "other contingent and unliquidated claims of every nature," Plaintiff did not disclose her EEOC charge, nor is there evidence that she later amended the petition to disclose it. Moreover, Plaintiff signed the petition under oath. Thus, the Court finds Plaintiff has taken inconsistent positions under oath, and the first judicial estoppel factor is satisfied.

Now the Court must determine whether Plaintiff had the requisite intent to mislead the Bankruptcy Court when she failed to disclose her employment discrimination claim. To satisfy the second factor, the debtor's inconsistencies must amount to "intentional contradictions, not simple error or inadvertence."[32] "[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive

---

[31] *See, e.g.*, *Welker v. Orkin, LLC*, No. 5:13-CV-126 MTT, 2014 WL 1572535, at *4 (M.D. Ga. Apr. 17, 2014); *Marable v. Marion Military Inst.*, 906 F. Supp. 2d 1237, 1247-48 (S.D. Ala. 2012), *aff'd*, No. 12-16189, 2014 WL 7240070 (11th Cir. Dec. 22, 2014).
[32] *Burnes*, 291 F.3d at 1286.

7

for their concealment."[33]  Deliberate intent to mislead can be inferred from the record.[34] "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure."[35]

Based on the facts of this case, the Court finds that Plaintiff had knowledge of her employment discrimination claim at the time she filed her bankruptcy petition. Plaintiff brought her EEOC charge before she filed her bankruptcy petition.[36]  In addition, Plaintiff had a motive to conceal her employment discrimination claim: if she did not disclose the employment discrimination claim to the Bankruptcy Court, she could keep the proceeds if she prevailed against her employer.[37]  The Court understands that Plaintiff is *pro se* and that a long time passed—approximately two years—between the filing of Plaintiff's EEOC charge and her bankruptcy petition.  Nevertheless, in her response to Defendant's Motion for Summary Judgment, Plaintiff does not argue that she forgot about the EEOC charge during that time, inadvertently failed to disclose the EEOC charge, or was unaware of her duty to disclose the EEOC charge at the time she filed her bankruptcy petition.[38]  Nor does she refute that she had a financial incentive to

---

[33] *Robinson*, 595 F.3d at 1275 (quoting *Barger*, 348 F.3d at 1295–96).
[34] *Robinson*, 595 F.3d at 1275.
[35] *Id.* at 1276.
[36] *See Casanova*, 228 F. App'x at 841 (finding intent could be inferred from the record when EEOC charge was filed two days prior to filing of bankruptcy petition).
[37] *See Robinson*, 595 F.3d at 1275; *D'Antignac*, 2015 WL 1321570, at *3.
[38] *Cf. Stuart v. Resurgens Risk Mgmt., Inc.*, No. 1:11-CV-04251-RWS, 2013 WL 2903571, at *4-6 (N.D. Ga. June 12, 2013) (finding insufficient evidence of intent where plaintiff stated he did not intend to conceal lawsuit from bankruptcy court, did not understand his obligation to disclose the pending lawsuit, and,

conceal her claim.  In light of her failure to respond to this argument, the Court finds that the second factor has been satisfied.  Because Plaintiff failed to disclose her EEOC claim in the bankruptcy proceeding, the Court finds that judicial estoppel bars her claims for monetary relief.

Judicial estoppel, however, does not preclude her claims for declaratory and injunctive relief.  As the Eleventh Circuit explained in *Burns v. Pemco Aeroplex, Inc.*, "knowledge that the debtor [is] pursuing a discrimination claim seeking injunctive relief that offer[s] no monetary value to the estate, would not, in all likelihood, [change] the bankruptcy court's determination about how to proceed with the debtor's bankruptcy."[39]  Based on this rationale, the Eleventh Circuit reversed summary judgment in favor of the defendant on the plaintiff's claims for injunctive relief.[40]  Therefore, Plaintiff may proceed with her claims for declaratory and injunctive relief in this case.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment [Doc. 19] on Plaintiff's claims for monetary relief is **GRANTED.**  Plaintiff may only proceed with her

---

once discovering the omission, acted immediately to amend the bankruptcy petition); *Farr v. Hall Cnty., Ga.*, No. 2:11-CV-00074-RWS, 2011 WL 5921462, at *9 (N.D. Ga. Nov. 28, 2011) (finding insufficient evidence of intent where the plaintiff argued he inadvertently failed to disclose lawsuit in bankruptcy petition and, once he realized the mistake, attempted to amend bankruptcy petition to rectify the error).
[39] 291 F.3d at 1289.
[40] *Id.*; *see also Barger*, 348 F.3d at 1297 (allowing plaintiff to proceed on injunctive relief seeking reinstatement based on rationale in *Burns*).

claims for declaratory and injunctive relief.  In light of this ruling, the discovery **STAY** previously entered is hereby **LIFTED**.  The Parties will have **sixty (60) days** to complete all remaining discovery.  Dispositive motions must be filed **forty-five (45) days** after the close of discovery.

    **SO ORDERED,** this 13th day of April, 2015.

                                                <u>S/  C. Ashley Royal</u>
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

ADP/ssh